IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **NANCY FAULCONER,**<br><br>    Plaintiff,<br><br>v.<br><br>**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., HOME AMERICA MORTGAGE, INC., U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR TBW MORTGAGE-BACKED TRUST SERIES 2007-2, TBW MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-2, AND AMERICAN HOME MORTGAGE SERVICING, INC.**,<br><br>    Defendants. | Civil Action No. 5:12-CV-246 (HL) |

## ORDER

The Court has begun its consideration of Defendants' Motion for Summary Judgment (Doc. 30). In her response to Defendants' motion, Plaintiff states that the Court should deny Defendants' motion and instead enter judgment in her favor under Federal Rule of Civil Procedure 56(f).

Rule 56(f) allows the Court to grant summary judgment for the non-moving party after giving notice and a reasonable time to respond. Fed.R.Civ.P. 56(f)(1). However, Rule 56(f)(1) is an instrument for the Court's use, not for a party's use. It is not a substitute for filing a motion for summary judgment or a cross-motion for summary judgment. *See, e.g.,* Nat'l Exch. Bank & Trust v. Petro-Chemicals Sys., Inc., No. 11-C-134, 2013 WL 1858621, at *1 (E.D. Wis. May 1, 2013) ("Rule 56(f) exists largely for the

convenience of the court, to save it from proceeding with trials that it can readily see are unnecessary. It did not create a substitute for a cross-motion to summary judgment. In fact, the suggestion that a party could bring a motion for summary judgment under Rule 56(f)(1) would be a contradiction; Rule 56(f)(1) explicitly refers to the court's authority to grant relief for a *non movant.* If a party moved for summary judgment, by definition, it cannot be considered a nonmovant and thus Rule 56(f)(1) would be inapplicable.")

The deadline for filing a motion for summary judgment was August 14, 2013. Plaintiff did not file a dispositive motion on or prior to that date. The deadline had already passed when Plaintiff filed her response to Defendants' motion, which is where Plaintiff raised Rule 56(f)(1). What Plaintiff is attempting to do is file an untimely cross-motion for summary judgment, which will not be permitted. Plaintiff cannot side-step the Court's deadlines by inserting a passing reference to Rule 56(f)(1) in a response brief. Plaintiff is hereby notified that the Court will not consider her Rule 56(f) request when ruling on Defendants' motion.

**SO ORDERED**, this the 15th day of November, 2013.

*/s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh