IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **NANCY FAULCONER,**<br><br>       Plaintiff,<br><br>v.<br><br>**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., HOME AMERICA MORTGAGE, INC., U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR TBW MORTGAGE-BACKED TRUST SERIES 2007-2, TBW MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-2, AND AMERICAN HOME MORTGAGE SERVICING, INC.**,<br><br>       Defendants. | Civil Action No. 5:12-CV-246 (HL) |

## ORDER

On November 11, 2013, the Court entered an order directing Plaintiff to show cause why this case should not be dismissed without prejudice as to Defendant Home America Mortgage, Inc. for failure to effect service of process in the time prescribed by Federal Rule of Civil Procedure 4(m).

In response, Plaintiff states that Home America Mortgage was administratively dissolved and its registered agent and officers could not be found. Plaintiff requests an additional 60 days to serve Home America Mortgage through the Secretary of State or other statutory alternative means of service that may be available.

Plaintiff did not provide any information about the efforts made to find the registered agent or officers. Plaintiff knew at the time this lawsuit was initially filed in the Superior Court of Putnam County on May 29, 2012 that Home America Mortgage had been administratively dissolved, as she specifically alleges that fact in her complaint. (Doc. 1-1 at 3). However, it appears that Plaintiff neglected for nearly 18 months to effect alternative service on Home America Mortgage, and only bothered to ask for more time to serve that Defendant after the issue was raised by the Court.

The Court must extend the time for service if the Plaintiff can show good cause for the failure to timely serve the Defendant. Fed.R.Civ.P. 4(m). "Good cause exists 'only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007). The Court finds, based on the information provided in the show cause response, that Plaintiff's failure to serve Home America Mortgage was the result of negligence or inadvertence. Therefore, the Court finds that Plaintiff has not shown that good cause exists for the failure to timely serve Home America Mortgage, which means the Court is not required to extend time for service.

"If good cause does not exist, the court may, in its discretion, decide whether to dismiss the case without prejudice or extend time for service."

Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996). The 120-day clock started when the case was removed from state court. The time for service expired on October 27, 2012, over one year ago. The case is on summary judgment, and the pending motion is ripe for ruling. Plaintiff has provided no explanation as to why she has yet to serve Home America Mortgage through alternative means. The Court finds no reason to delay this case further. Plaintiff's request for additional time for service is denied. Defendant Home America Mortgage, Inc. is dismissed from this case without prejudice.[1]

**SO ORDERED**, this the 2nd day of December, 2013.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh

---

[1] The Court recognizes that on November 21 and 27, 2013, Plaintiff filed Returns of Service upon Home America Mortgage. However, Plaintiff did not have leave of Court to effect this untimely service, and as outlined above, the Court does not grant additional time to serve Home America Mortgage. Plaintiff's counsel should have made this effort a year ago. Home America Mortgage is dismissed from the case.