IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **NANCY FAULCONER,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) **CIVIL ACTION NO. 5:12-CV-246 (MTT)** |
| **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,** *et al.*, | ) ) ) ) |
| **Defendants.** | ) ) ) |

## ORDER

Before the Court is the Plaintiff's motion for reconsideration (Doc. 56) of Judge Hugh Lawson's Order (Doc. 55) dismissing Defendant Home America Mortgage, Inc., due to the Plaintiff's failure to effect service of process in the time prescribed by Federal Rule of Civil Procedure 4(m).[1]

Pursuant to Local Rule 7.6, "Motions for Reconsideration *shall not be filed as a matter of routine practice*." M.D. Ga., L.R. 7.6 (emphasis added). Indeed, "[r]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga.) (internal quotation marks and citation omitted). It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id.* "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate [her] prior arguments, and any arguments which the party inadvertently failed to raise earlier

---

[1] This was Judge Lawson's case before it was transferred to the undersigned on December 2, 2013.

are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

The Plaintiff has not met this burden. She has not alleged an intervening change in the law nor presented new evidence previously unavailable to her. Moreover, the Court is not persuaded that Judge Lawson's ruling was clearly erroneous. Although the Plaintiff has subsequently suggested settlement discussions and an earlier stay in the case are to blame for untimely service, those events occurred well after October 27, 2012, the deadline for effecting service pursuant to Fed. R. Civ. P. 4(m). Furthermore, there is no indication the Plaintiff attempted to serve Home America after the stay was lifted until Judge Lawson brought this issue to her attention. Even if the Plaintiff succeeded in serving Home America on November 21, 2013 by mailing process to the Secretary of State's office pursuant to O.C.G.A. § 9-11-4(e)(1), the Plaintiff has failed to show good cause for blowing the deadline by more than a year.

Accordingly, the Plaintiff's motion for reconsideration is **DENIED**.

**SO ORDERED**, this 19th day of December, 2013.


S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT